UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROBINSON and
RESHELLE ROBINSON,

        Plaintiffs,

                                    CASE NO. 2:08-CV-13048
                                    JUDGE GERALD E. ROSEN
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

WELLS FARGO BANK, N.A. and
FIRST FRANKLIN MORTGAGE LOAN
TRUST 2003-FFH2,

        Defendants.

_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT WELLS FARGO'S OCTOBER 16, 2008 MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) (Doc. Ent. 10)

**I.**    **RECOMMENDATION:** The Court should deny without prejudice defendant Wells

Fargo's October 16, 2008 motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Doc. Ent. 10.  The

denial should be without prejudice to (1) renewal by defendant Wells Fargo after plaintiffs

timely file a first amended complaint or (2) renewal by defendant Wells Fargo in the event

plaintiffs do not timely file a first amended complaint.

**II.**    **REPORT:**

**A.**    **Background**

On July 15, 2008, James Robinson and Reshelle Robinson filed the instant lawsuit

regarding a mortgage on the property commonly known as 14675 Rutherford, Detroit, Michigan.

Defendants are Wells Fargo Bank, N.A., and First Franklin Mortgage Loan Trust 2003-FFH2.

Doc. Ent. 1.  Judge Rosen has referred this case to me to conduct all pretrial matters.  Doc. Ent.

2.

On August 27, 2008, defendants Wells Fargo and First Franklin filed their answer and affirmative defenses.  Doc. Ent. 6.  Plaintiffs then filed responses to defendant Wells Fargo Bank's affirmative defenses.  Doc. Ent. 9.

On November 24, 2008, defendant Wells Fargo filed a proposed Fed. R. Civ. P. 26(f) report.  Doc. Ent. 13.  On December 1, 2008, I conducted a scheduling conference.

**B.    Defendant Wells Fargo's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

Currently pending before the Court is defendant Wells Fargo Bank's October 16, 2008 motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. Ent. 10), to which a response was due on November 24, 2008 (Doc. Ent. 12)[1] and regarding which a response was filed on January 15 (Doc. Ent. 19).  Defendant Wells Fargo filed a reply on January 26, 2009.  Doc. Ent. 20.

Defendant Wells Fargo's Rule 12(b)(6) motion to dismiss raises the single issue that plaintiffs' complaint against it should be dismissed because the complaint does not state an actionable claim against Wells Fargo.  Doc. Ent. 10 at 4.  In support of this argument, plaintiff alleges that "[p]laintiffs have not identified a single actionable act or omission by Wells Fargo in connection with this matter[,]" and "[a]ny alleged claim against Wells Fargo under the Racketeer Influenced and Corrupt Organizations Act ("RICO") must be dismissed."  Doc. Ent. 10 at  9-10, 10-12.

In their response, plaintiffs argue that (1) "[n]on-lawyer pro se litigants are not to be held to [the] same standards as a practicing lawyer[;]" (2) based upon ¶¶ 13 and 14 of the original complaint, "Wells Fargo is not the holder in due course of the promissory note[,]" and (3)

---

[1]According to defendant Wells Fargo, the due date was extended to December 31, 2008. Doc. Ent. 21 at 8.

"[p]laintiffs have successfully pled a cause of action under RICO[.]" Doc. Ent. 19 at 3.

On January 26, 2009, defendant Wells Fargo filed a reply. Doc. Ent. 20. It argues that (I) "[t]he complaint does not contain any actionable allegations against Wells Fargo[,]" (II) "[p]laintiffs' proposed amended complaint [attached to plaintiffs' November 24, 2008 motion] would not cure any of the pleading deficiencies of their original complaint[,]" and (III) "[p]laintiffs' proposed amended complaint would not otherwise state a claim for relief against Wells Fargo." In conclusion, defendant Wells Fargo requests that the Court "enter an order dismissing Plaintiffs' Complaint, and render Plaintiffs' Motion for Leave to Amend moot in light of the pleading deficiencies still present in Plaintiffs' proposed amended complaint." Doc. Ent. 20 at 6.

## C.    Fed. R. Civ. P. 12

Federal Rule of Civil Procedure 12 sets forth rules regarding defenses and objections. As to how defenses should be presented, the rule states in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]

Federal Rules of Civil Procedure 12(b)(6). "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

3

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (citations and quotations omitted). It is not enough that "the pleadings [leave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id*. at 1968. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1970. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Claims should be "nudged . . . across the line from conceivable to plausible" to avoid dismissal. *Id. See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-1951 (2009) ("respondent's complaint has not 'nudged [his] claims' of invidious discrimination 'across the line from conceivable to plausible.'") (quoting *Bell Atlantic Corp.*).

The reviewing court must construe the complaint in the light most favorable to plaintiff and must presume all factual allegations in the complaint as true. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The purpose of Rule 12(b)(6) is to give defendant the opportunity to test whether plaintiff is entitled to legal relief as a matter of law even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is

4

to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).  A

dismissal under Rule 12(b)(6) is generally disfavored by courts, as it is a dismissal on the merits.

2A James W. Moore, Moore's Federal Practice ¶ 12.07 (2d ed. 1995).

**D.     Analysis**

This report and recommendation is being filed concurrently with two orders.  Before

responding to the instant motion to dismiss, plaintiffs filed a motion for leave to file a first

amended complaint (Doc. Ent. 14).  By an order entered this date, I have granted in part this

motion, providing plaintiffs leave to file a first amended complaint that complies with Fed. R.

Civ. P. 8(a) on or before Monday, August 24, 2009.

Since the filing of defendant Wells Fargo's motion to dismiss and plaintiffs' motion for

leave to amend, defendant Wells Fargo filed a motion for protective order under Fed. R. Civ. P.

26(c) (Doc. Ent. 21) in response to discovery requests served by plaintiffs.  By an order entered

this date, I have granted the motion for protective order.

In light of these orders, it would be more prudent for the Court to deny defendant Wells

Fargo's October 16, 2008 motion to dismiss and to address the merits of its Fed. R. Civ. P.

12(b)(6) arguments following the filing of plaintiffs' first amended complaint - providing

plaintiffs take the opportunity to do so.  My recommendation that the Court deny the instant

motion to dismiss is unchanged by the fact that defendant Wells Fargo's reply takes issue with

the proposed amended complaint.  This is so, because my order granting plaintiffs' motion to

amend points out deficiencies in the proposed amended complaint and gives plaintiffs a deadline

by which to file a first amended complaint which complies with Fed. R. Civ. P. 8(a) and brings

to the pro se plaintiffs' attention the Rule 12(b)(6) standard recently issued by the United States

5

Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009).

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives_____
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 7/22/09

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on July 22, 2009.

s/Eddrey Butts
Case Manager