UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROBINSON and
RESHELLE ROBINSON,
          Plaintiffs,

                                 CASE NO. 08-CV-13048-DT
v.                              JUDGE GERALD E. ROSEN
                                 MAGISTRATE JUDGE PAUL KOMIVES

WELLS FARGO BANK, N.A.;
FIRST FRANKLIN MORTGAGE;
SAXON MORTGAGE SERVICES, INC.;
ORLANS ASSOCIATES and
WAYNE COUNTY,
          Defendants
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION:

The Court should grant the motion for summary judgment which has been filed by defendant Orlans Associates.

II.    REPORT:

A.    *Procedural Background*

1. Plaintiffs filed their original complaint on July 15, 2008. This complaint did not name Orlans Associates ("Orlans") as a party. On July 22, 2009, plaintiff was granted leave to file an amended complaint. In this amended complaint, plaintiffs set forth a claim against Orlans for a violation of the Fair Debt Collection Practices Act ("FDCPA").

2. On September 8, 2010, this Court entered an order adopting my report and recommendation and dismissed plaintiff's claims against defendants Wells Fargo Bank and Saxon

Mortgage Services.

3. On November 30, 2010, defendant Orlans filed a motion for summary judgment. This motion contends that there is no genuine issue of material fact that Orlans did not violate the FDCPA and that it is therefore entitled to judgment as a matter of law.

The brief in support of this motion contends that Orlans provided proper notice of the foreclosure involved in this case and that plaintiffs failed to demand validation of the debt as provided for in the FDCPA. Orlans also contends that it cannot be held responsible for the actions or conduct of defendants Saxon and Wells Fargo because this Court has already rejected plaintiffs' claims against these two parties.

4. The factual background of this case has been set forth at length in my prior report and recommendation filed on August 5, 2010 and will not be repeated here.

Orlans' motion correctly notes that this lawsuit arises out of plaintiffs' default on their residential mortgage loan and the resulting non-judicial foreclosure sale. Orlans served only as the foreclosing counsel. As part of the foreclosure process and prior to the sheriff's sale, Orlans mailed a letter to plaintiff Reshelle Robinson on December 20, 2007 providing notice regarding the debt (see Exhibits 1 and 2, attached to the motion). I conclude that this letter constituted the proper notice required under Sections 1692g and 1692g(a)(3) of the FDCPA. Plaintiffs did not respond to this letter within thirty days, which is the time limit provided for in this Act.. The sheriff's sale took place on January 30, 2008, and the redemption period expired on July 30, 2008.

Plaintiffs' complaint alleged that they requested verification of the debt on November 11, 2008. This was almost eleven months after the expiration of the thirty-day limitations period set forth in the statute and nearly six months after their statutory right of redemption had expired.

Exhibit 1, attached to the motion, also correctly asserts that this November 2008 letter was dated November 16, 2008 and did not meet the requirements of the FDCPA because it demanded documents that are not covered by the FDCPA  As argued by counsel for Orlans, this November 2008 letter was not notarized until December 5, 2008 and  plaintiffs did not mail this letter until after they had moved for leave to amend their complaint to add Orlans for alleged violations of the FDCPA , which centers on the alleged November 11, 2008 request.. As already noted above, plaintiffs' original complaint was filed with this Court on July 15, 2008 and did not name Orlans as a defendant.

5. The proof of service attached to defendant's motion avers that a copy of its motion for summary judgment was mailed to each plaintiff on November 30, 2010. Pursuant to local Rule 7(e)(B), a response to the motion should have been filed within 21 days after service of the motion. When no response had been filed within this time period, and taking into account the fact that plaintiffs were not represented by counsel, I issued a scheduling order on January 18, 2011 stating that plaintiffs should file any response to the motion on or before February 23, 2011. To date, no response has been filed. I therefore conclude that defendant's factual assertions, supported by the attachments to the motion, must be accepted as true.

B.    *Legal Standard*

. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Defendant acknowledges that a fact is material and precludes a grant of summary judgment if proof of that fact would have the effect of

3

establishing or refuting one of the essential elements of the cause of action or defenses asserted by the parties. Defendant also acknowledges that the Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor.

C.   *Analysis*

1. I conclude, as already stated above, that Orlans provided proper notice of the foreclosure based upon the affidavits it has submitted, and that plaintiffs have failed to contest this issue.

2. I also conclude that Orlans has established that plaintiffs failed to demand validation of the debt within the thirty days limitations period set forth in the FDCPA as explained above.

3. Plaintiffs have failed to contest any of the factual assertions put forward by defendant Orlans.

4. Plaintiffs can not prevail in this case on the basis of actions or conduct attributable to defendants Wells Fargo Bank or Saxon Associates in light of the fact that this Court has already dismissed the causes of action against these two defendants.

5. Defendant Orlans is entitled to summary judgment.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.*

*Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/Paul J. Komives  
                                                  PAUL J. KOMIVES  
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: 3/11/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on March 11, 2011.
>
>                               s/Eddrey Butts  
>                               Case Manager